UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Enrique Lombrana-Perez,  ) | C/A No. 6:16-1842-BHH-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Officer Williams, ) | |
| D. S. Wilkes, and ) | |
| Nurse Vickor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On June 1, 2016, the plaintiff, proceeding *pro se*, filed this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 (doc. 1). On June 15, 2016, the undersigned authorized service of process (doc. 7). The summons was returned unexecuted with respect to defendant Officer Williams on July 12, 2016 (doc. 14). The summons was returned executed with respect to the remaining defendants (doc. 13). On June 20, 2016, the undersigned ordered the plaintiff to complete and return a new summons and Form USM-285 for Officer Williams by August 15, 2016 (doc. 16). The plaintiff was told that if he could not provide a new address or complete name description for Officer Williams, he must notify the Court whether he agreed to dismiss him or required more time to serve him (*id*.). The plaintiff was warned that he was responsible for providing information sufficient to effect service on Officer Williams, and that Officer Williams could be entitled to dismissal if he failed to respond to the order (*id*.).

To date, the plaintiff has not responded to the order or provided any information on Officer Williams.

Rule 4(m), Fed. R. Civ. P., states, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

>But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, the time for service began to run on June 15, 2016, the date the summons in this case was issued by the Clerk, and the 90-day period for service provided by Rule 4(m) expired on September 13, 2016. Further, the plaintiff was specifically warned that the unserved defendant was subject to dismissal if he failed to respond to the court order. Accordingly, it is recommended that Officer Williams be dismissed for failure to comply with Rule 4, Fed. R. Civ. P. and a court order.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald<br>United States Magistrate Judge

September 20, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).