IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Enrique Lombrana-Perez, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:16-1842-BHH |
| v. ) | |
| ) | |
| Officer Williams, ) | **ORDER** |
| D. S. Wilkes, and ) | |
| Nurse Vickor, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Enrique Lombrana-Perez's pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On June 15, 2016, Magistrate Judge Kevin F. McDonald authorized service of process, and the summons was returned unexecuted as to Officer Williams on July 12, 2016. Therefore, on July 20, 2016, the Magistrate Judge ordered Plaintiff to complete and return a new summons and Form USM-285 for Officer Williams by August 15, 2016. The Magistrate Judge specifically informed Plaintiff that if he could not provide a new address or complete name description for Officer Williams, then Plaintiff needed to notify the Court whether he agreed to dismiss Officer Williams or whether he required more time. The Magistrate Judge also informed Plaintiff that a failure to properly respond to the Court's order may result in the dismissal of Officer Williams.

After Plaintiff failed to respond to the Court's order, the Magistrate Judge issued a

report and recommendation ("Report") on September 20, 2016, recommending that the Court dismiss Officer Williams as a Defendant due to Plaintiff's failure to properly serve him in accordance with Rule 4 of the Federal Rules of Civil Procedure and due to Plaintiff's failure to comply with a court order. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court adopts the Magistrate Judge's Report (ECF No. 21) and dismisses Officer Williams due to Plaintiff's failure to comply with Rule 4 and with the Court's order.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 14, 2016
Charleston, South Carolina