IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Enrique Lombrana-Perez | ) | C/A No.: 6:16-cv-01842-BHH-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| D.S. Wilkes, Nurse Vickor, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the failure of the defendants to respond to the plaintiff's complaint or otherwise defend. For the reasons that follow, the undersigned recommends that default be entered against the defendants.

**PROCEDURAL HISTORY**

The plaintiff filed this action against the defendants[1] on June 6, 2016, seeking damages for deliberate indifference to his serious medical needs and excessive force (doc. 1). On June 15, 2016, service of process was authorized for the defendants (doc. 7). The summonses for the defendants were returned executed on July 12, 2016, and the United States Marshal noted on the Forms USM-285 that both defendants were served on June 29, 2016 (doc. 13); thus, their answer to the complaint was due by July 20, 2016. The defendants failed to file an answer.

On October 27, 2016, the undersigned issued an order directing the defendants to file an answer or other responsive pleading within 20 days of the date of the

---

[1]The complaint named three defendants; however, Officer Williams was dismissed from this action pursuant to an order filed on October 17, 2016 (doc. 24).

order (doc. 30). The order was sent by certified mail and the certified mail receipt was received by the court on November 3, 2016 (doc. 34). The defendants failed to respond to the order. On January 31, 2017, the undersigned issued an order directing the defendants to show cause why default should not be entered against them within fourteen days of the date of the order (doc. 37). The order was again sent by certified mail and the certified mail receipt was received by the court on February 6, 2017 (doc. 42). The defendants' response was due by February 17, 2017; to date, the defendants have not filed a response.

## **DISCUSSION**

Under Rule 55(a) of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is show by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b) provides two avenues for entry of default judgment. The Clerk may enter a default judgment at the plaintiff's request if the plaintiff's claim is for a sum certain; otherwise, the non-defending party "must apply to the court for default judgment." Fed.R.Civ.P. 55(b)(1)–(2). The law disfavors default judgment and favors resolution of claims on their merits. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2681 (3d ed. 1998). However, it is well-settled law that "although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.

1982) (citations omitted). This power "is one inherent in the courts in the interest of the orderly administration of justice [and] may be exercised sua sponte under proper circumstances." *Flaska v. Little River Marine Constr.Co.*, 389 F.2d 885, 887 (5th Cir. 1968) (internal quotation marks omitted); *accord Trans World Airlines, Inc. v. Hughes*, 332 F.2d 602, 614 (2d Cir. 1964). "This Court's inherent power to manage its caseload . . . provides the authority to *sua sponte* enter a default judgment against a litigant who has failed to prosecute [its] case with reasonable diligence and who has not complied with the Court's rules of procedure." *Singapore Tong Teik PTE Ltd. v. Coppola*, No. 04-cv-3440, 2007 WL 2375796, at *4 (E.D.N.Y. Aug. 17, 2007) (quoting *Singh v. Jackson,* 1986 WL 12514, at *1 (S.D.N.Y. Oct. 31, 1986)).

Here, the defendants have failed to participate in this action despite multiple opportunities and warnings from the court. They have failed to answer the plaintiff's complaint and have failed to respond to orders of the court. Therefore, it is recommended that the District Judge find that the defendants have failed to defend this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and direct the Clerk to enter an entry of default against them.

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, it is recommended that the District Judge find that the defendants have failed to defend this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and direct the Clerk to enter an entry of default judgment against them.

**The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED.**

s/Kevin F. McDonald
United States Magistrate Judge

March 9, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).