IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Enrique Lombrana-Perez,<br><br>                Plaintiff,<br><br>   vs.<br><br>Diane Sheffield-Wilkes and<br>Victor Basily, *in their individual and<br>official capacities*,<br><br>                Defendants. | Civil Action No. 6:16-1842-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a federal prisoner proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

**PROCEDURAL HISTORY**

The plaintiff filed this action against the defendants on June 6, 2016, seeking damages for deliberate indifference to his serious medical needs and excessive force during his time as a pretrial detainee in the Darlington County Detention Center (doc. 1). The complaint named three defendants; however, Officer Williams was dismissed from this action pursuant to an order filed on October 17, 2016 (doc. 24). The remaining defendants were named only in the claim for deliberate indifference to serious medical needs (*see* doc.1).

On June 15, 2016, service of process was authorized for the defendants (doc. 7). The summonses for the defendants were returned executed on July 12, 2016, and the United States Marshals Service noted on the Forms USM-285 that both defendants were

served on June 29, 2016 (doc. 13); thus, their answer to the complaint was due by July 20, 2016. The defendants failed to file an answer.

On October 27, 2016, the undersigned issued an order directing the defendants to file an answer or other responsive pleading within 20 days of the date of the order (doc. 30). The order was sent by certified mail, and the certified mail receipt was received by the court on November 3, 2016 (doc. 34). The defendants failed to respond to the order. On January 31, 2017, the undersigned issued an order directing the defendants to show cause why default should not be entered against them within 14 days of the date of the order (doc. 37). The order was again sent by certified mail, and the certified mail receipt was received by the court on February 6, 2017 (doc. 42). The defendants' response was due by February 17, 2017; the defendants did not respond to the order.

The Honorable Bruce Howe Hendricks, United States District Judge, entered default against the defendants pursuant to Federal Rule of Civil Procedure 55(a), on March 30, 2017 (docs. 57, 58). On June 9, 2017, the plaintiff moved for default judgment against the defendants pursuant to Rule 55(b) (docs. 72, 84).

On August 28, 2017, the court issued special interrogatories to Major Coe, who accepted service of the summons and complaint on behalf of both defendants, asking whether he was authorized to accept such service (doc. 75). On October 23, 2017, Major Coe responded to the special interrogatories, stating that he was authorized to accept service on behalf of the defendants (doc. 80).

On October 25, 2017, this court scheduled a hearing on the plaintiff's motions for default judgment and ordered the defendants to appear at the Clement F. Haynesworth Federal Building and United States Courthouse in Greenville, South Carolina on December 14, 2017 (doc. 85). The United States Marshals Service was directed to serve a copy of the notice of hearing on the defendants at 24 Public Square, Darlington, South Carolina[1] and to serve a copy of the notice of hearing on Major Coe at the Darlington County

---

[1] This is the address of Hartsville Medical Enrichment Services, LLC, which employs the defendants.

Detention Center (*id.*).[2]  On November 9, 2017, the United States Marshals Service informed the court that Major Coe had been served with the notice of hearing (doc. 89).  On December 5, 2017, the United States Marshals Service informed the court that D.S. (Diane) Wilkes was personally served on November 3, 2017 (doc. 90 at 2).  According to Wilkes, the service document for Nurse Vikor[3] refers to Victor Basily (*id.*).  On November 14, 2017, the United States Marshals Service personally served the notice of hearing on Lori Ashli Basily, the wife of Victor Basily (doc. 90 at 1).

A hearing on the plaintiff's motions for default judgment (docs. 72, 84) was held before the undersigned on December 14, 2017. The plaintiff, who is incarcerated in California, appeared telephonically with the assistance of a translator.  The defendants appeared at the hearing without the assistance of counsel.  The defendants informed the court that they were not served with the summons and complaint in this case and learned they were being sued by the plaintiff when they were personally served by the United States Marshal Service with the notice of hearing.  The defendants stated that they are employed by Hartsville Medical Enrichment Services, LLC and are not employed by the Darlington County Detention Center, although they have worked there at times. The defendants made an oral motion asking that the court set aside the entry of default so that they may defend the plaintiff's claims against them.

## **APPLICABLE LAW AND ANALYSIS**

Pursuant to Rule 55, the court may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  Rule 55(c) is liberally construed in favor of setting aside defaults because the law prefers adjudication on the merits to default judgment: "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."  *Tolson v. Hodge*, 411 F.2d 123,

---

[2] Major Coe was advised that he was not required to appear at the hearing (doc. 85 at 2 n.2).

[3] The Clerk of Court originally entered this defendant's name as "Nurse Vickor." As set out below, the caption has now been corrected to identify the defendant by his full name, Victor Basily.

3

130 (1969). To determine whether an entry of default should be set aside, courts should consider the following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citation omitted).

The undersigned finds that the factors weigh in favor of setting aside the entry of default. With regard to the reasonable promptness and personal responsibility factors, taking the defendants' allegations as true, they were unaware of this action prior to receiving notice in November of the default hearing set for December 14th, and they both appeared at the hearing. Any prejudice suffered by the plaintiff in setting aside the entry of default is outweighed by the court's preference to decide matters on their merits. There are sanctions available that are less drastic than entering a default judgment against the defendants. For example, the court could allow the defendants a limited time to file their answers. The remaining factor — whether the moving party has a meritorious defense — does not weigh clearly in the defendants' favor as the defendants have not yet presented any defense. "A meritorious defense requires 'a proffer of evidence which, if believed, would permit either the court or the jury to find for the defaulting party.' " *Campodonico v. Stonebreaker*, C.A. No. 4:15-cv-3373-RMG, 2016 WL 1064490, at *2 (D.S.C. Mar. 15, 2016) (quoting *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). However, both defendants indicated they wished to present a defense to the plaintiff's claims against them as they feel they have done nothing to violate the plaintiff's constitutional rights. Based upon the foregoing, the undersigned finds good cause to set aside the entry of default and allow the instant action to proceed.

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the undersigned recommends that the defendants' oral motion to set aside the entry of default be granted and that the plaintiff's motions for default judgment (docs. 72, 84) be denied. The Clerk of Court is directed to correct the docket to reflect the spellings of the defendants' names as set forth in the caption above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

December 14, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).