IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Enrique Lombrana-Perez, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 6:16-cv-1842-BHH |
| Diane Sheffield-Wilkes and Victor Basily, *in their individual and official capacities*, | ) **ORDER** |
| Defendants. | ) |

This matter is before the Court upon Plaintiff Enrique Lombrana-Perez's ("Plaintiff") pro se complaint seeking relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

Plaintiff filed this action on June 6, 2016, seeking damages for alleged deliberate indifference to his serious medical needs and excessive force during his time as a pretrial detainee in the Darlington County Detention Center. The complaint originally named three Defendants, but Officer Williams was dismissed, and the remaining Defendants were named only in the claim for deliberate indifference.

On June 15, 2016, service of process was authorized for the remaining Defendants. The summonses were returned executed on July 16, 2016, and the United States Marshals Service noted on the Forms USM-285 that both Defendants were served on June 29, 2016, making Defendants' answers due on July 20, 2016. Defendants failed to file answers.

On October 27, 2016, United States Magistrate Judge Kevin McDonald issued an

order directing Defendants to answer or other respond within 20 days. The order was sent by certified mail, and the Court received the certified mail receipt on November 3, 2016. Defendants failed to respond to the order, and on January 31, 2017, Magistrate Judge McDonald issued another order directing Defendants to show cause why the Court should not enter default against them within fourteen days. The order was again sent by certified mail, and the Court received the certified mail receipt on February 6, 2017. Defendants' response was due on February 17, 2017, but Defendants did not respond.

On March 30, 2017, the undersigned entered default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On June 9, 2017, Plaintiff moved for default judgment against Defendants pursuant to Rule 55(b), and the motions were referred to the United States Magistrate Judge for consideration.

On August 18, 2017, the Court issued special interrogatories to Major Coe, who accepted service of the summons and complaint on behalf of Defendants, asking whether he was authorized to accept such service. On October 23, 2017, Major Coe responded to the special interrogatories, stating that he was authorized to accept service on behalf of Defendants.

On October 25, 2017, the Court scheduled a hearing on Plaintiff's motions for default judgment for December 14, 2017, and ordered Defendants to appear at the hearing. The Court directed the United States Marshals Service to serve copies of the hearing notice on Defendants at 24 Public Square, Darlington, South Carolina, and to serve a copy of the notice on Major Coe at the Darlington County Detention Center. The United States Marshals Service informed the Court that Major Coe was served with the hearing notice; that Defendant Wilkes was personally served with the hearing notice on November 3, 2017;

and that Victor Basily's wife was personally served with the hearing notice on November 14, 2017.

Magistrate Judge McDonald held a hearing on Plaintiff's motions for default judgment on December 14, 2017. Plaintiff, who is incarcerated in California, appeared telephonically with the assistance of a translator. Defendants appeared at the hearing without the assistance of counsel and informed the Court that they were not served with the summons and complaint in this case and that they only learned of this lawsuit when the United States Marshals Service personally served them with the hearing notice. Defendants stated that they are employed by Hartsville Medical Enrichment Services, LLC, and are not employed by the Darlington County Detention Center, although they have worked there at times. Defendants made an oral motion for the Court to set aside the entry of default and to allow them to defend Plaintiff's claims.

Following the hearing, the Magistrate Judge entered a Report and Recommendation ("Report") on December 14, 2017, outlining in the issues and recommending that the Court grant Defendants' oral motion to set aside the entry of default and deny Plaintiff's motions for default judgment. Attached to the Magistrate Judge's Report was a notice advising the parties of their right to file written, specific objections to the Report within fourteen days of being served with a copy. On December 27, 2017, Plaintiff filed objections to the Report, asking the Court to reinstate the entry of default until Defendants actually respond. Plaintiff also filed a motion requesting a copy of the transcript from the December 14 hearing.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Here, the Court has thoroughly reviewed the record and finds that the Magistrate Judge's Report fairly summarizes the facts and applies the correct principles of law. As the Magistrate Judge noted, pursuant to Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Rule 55(c) is to be liberally construed in favor of setting aside a default because the law prefers adjudication on the merits. *Tolson v. Hodge*, 411 F. 2d 123, 130 (1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."). In determining whether to set aside an entry of default, the Fourth Circuit has indicated that "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

Here, as the Magistrate Judge determined, taking Defendants' allegations as true, they were unaware of this action prior to receiving the hearing notice in November, and both appeared at the hearing and promptly requested relief from the entry of default. Also, the Court agrees with the Magistrate Judge that any prejudice to Plaintiff in setting aside the entry of default is outweighed by the Court's preference for deciding matters on their merits. There are less drastic sanctions available, and indeed, the Court will grant

Defendants a limited time to file answers or other responses to Plaintiff's complaint.  Finally, although Defendants have not yet presented a defense, they have indicated that they wish to do so as they do not believe they have violated Plaintiff's constitutional rights.  In all, the Court agrees with the Magistrate Judge that the circumstances favor granting Defendants' oral motion to set aside the entry of default.

In his objections, Plaintiff asks the Court to reinstate the entry of default against Defendants until they file their answers.  After consideration, the Court finds this unnecessary and agrees with the Magistrate Judge's findings and conclusions.  Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 92) is adopted; Plaintiff's objections (ECF No. 93) are overruled; Defendants' oral motion to set aside the entry of default is granted; Plaintiff's motions for default judgment (ECF Nos. 72 and 84) are denied; and Defendants are instructed to file their answers or other responsive pleadings to Plaintiff's complaint within 30 days of the date this order is filed.  Lastly, the Court denies Plaintiff's motion for a copy of the transcript from the December 14 (ECF No. 95) as it appears that no transcript has been prepared yet, and the Clerk of Court shall mail Plaintiff a letter explaining how he may attain copies of court documents in the future.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

January 2, 2018
Charleston, South Carolina

5