IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Enrique Lombrana-Perez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:16-1842-BHH |
| v. | ) | |
| | ) | |
| Diane Sheffield-Wilkes and | ) | **ORDER** |
| Victor Basily, in their individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff Enrique Lombrana-Perez's ("Plaintiff" or "Lombrana-Perez") motion for default judgment as to Defendant Diane Sheffield-Wilkes ("Sheffield-Wilkes") (ECF No. 116) and Defendant Victor Basily's ("Basily") motion to dismiss (ECF No. 111). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On July 19, 2018, Magistrate Judge Kevin F. McDonald issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant in part Plaintiff's motion for default judgment as to Defendant Sheffield-Wilkes in the amount of $500.00 and that the Court grant Defendant Basily's motion to dismiss, which should be treated as one for summary judgment. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed written objections to the Report, and the matter is ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

**ANALYSIS**

In his Report, the Magistrate Judge thoroughly outlined the background and procedural history of this case before evaluating the pending motions. With respect to Plaintiff's pending motion for default judgment, the Magistrate Judge explained that Defendant Sheffield-Wilkes was given a number of chances to answer or otherwise respond to Plaintiff's complaint, but that she failed to do so, ultimately resulting in an entry of default against her on March 7, 2018. Thereafter, Plaintiff filed his motion for default judgment, and a hearing was held on June 21, 2018, before the Magistrate Judge. Plaintiff, who is incarcerated in California, appeared telephonically at the hearing with the assistance of a translator, and although Defendant Sheffield-Wilkes called the Court on the date of the hearing, she indicated she did not feel well enough to participate in the hearing telephonically. The Court informed both parties it would leave the record open until July 5, 2018, if they wished to provide any information relating to Plaintiff's alleged damages, after which Defendant Sheffield-Wilkes hung up the telephone and chose not to participate further in the hearing. Following the hearing, neither party provided the Court with

additional information regarding Plaintiff's claim.

Thereafter, the Magistrate Judge issued his Report, determining that Plaintiff is entitled to relief on his claim against Defendant Sheffield-Wilkes for deliberate indifference to a serious medical need based on his allegation that he suffered a delay in treatment with respect to his high blood pressure, an infection in his penis, vomiting blood, blurry vision, and bloody stool, during which he experienced pain, discomfort, weakness, and lost sleep. The Magistrate Judge explained:

> Based upon the facts alleged against Defendant Sheffield-Wilkes, which are deemed to be true based upon her default, she knew of the pain the plaintiff was suffering and of the need for immediate treatment, and she failed to provide adequate treatment for at least the time period between his arrival at the detention center and the filing of his complaint in June 2016.[1]

(ECF No. 158 at 9-10.)

Turning to the question of damages, the Magistrate Judge explained that because Plaintiff seeks damages for an alleged violation of his constitutional rights, the amount to which he is entitled is not certain. Because neither party submitted additional evidence after the hearing related to Plaintiff's alleged damages, the Magistrate Judge considered Plaintiff's sworn testimony that due to the alleged delay in treatment by Defendant Sheffield-Wilkes, he had difficulty using the bathroom, lost weight, experienced blurry vision, suffered pain and discomfort, felt numb and "up in the air," lost sleep, and was weak. The Magistrate Judge acknowledged that it is difficult to place a dollar figure on pain and suffering, but after considering Plaintiff's testimony regarding the intensity of the pain and

---

[1] As the Magistrate Judge further explained, although Plaintiff alleges in his complaint that he arrived at the detention center on December 1, 2016, he filed his complaint on June 6, 2016, so the date alleged in the complaint must be a scrivener's error, and it appears that Plaintiff arrived at the detention center on December 1, *2015*.

3

the length of time he suffered it, the Magistrate Judge recommended a compensatory damages award of $500.00. The Magistrate Judge also found that there had been no showing of evil motive or intent on the part of Defendant Sheffield-Wilkes, or of reckless or callous indifference, sufficient to warrant an award of punitive damages.

In his objections to the Magistrate Judge's Report, Plaintiff first objects to the Magistrate Judge's calculation of damages in the amount of $500.00. Plaintiff asserts "that he should be awarded compensatory damages in the amount of $250,000 for his claim for medical indifference against Defendant Sheffield-Wilkes as he requested in his default judgment motion." (ECF No. 160 at 3.) As the Magistrate Judge explained in his Report, however, although Plaintiff's motion for default judgment requests $250,000, Plaintiff's complaint demands $20,000 for "compensatory, punitive, nominal damages" (ECF No. 1 at 6), and "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Moreover, with respect to Plaintiff's objection that "[f]ive hundred dollars is just too small [an] amount for the many sleepless nights due to pain this Plaintiff suffered at the hands of a defendant who does not deny these allegations," the Court agrees with the Magistrate Judge's assessment that, considering Plaintiff's sworn testimony regarding the intensity of his pain and the length of time he suffered, a compensatory damages award in the amount of $500.00 is appropriate.[2] (ECF No. 160 at 3.)

---

[2] As previously mentioned, the Magistrate Judge gave Plaintiff and Sheffield-Wilkes until July 5 to file additional information regarding Plaintiff's alleged damages, but neither party did so. After filing his objections on August 3, 2018, however, Plaintiff filed several exhibits on August 24, 2018. The Court has reviewed these exhibits, which appear to be Plaintiff's medical records dated between February 2017 through July 2018. As noted by the Magistrate Judge in footnote 3, it appears that Plaintiff was no longer held at the detention center as of at least November 7, 2016, and, thus, all of the exhibits submitted by Plaintiff pertain to time after Plaintiff's transfer from the detention center. More importantly perhaps, there is no indication or explanation

4

In addition to objecting to the amount of compensatory damages the Magistrate Judge's Report recommends, Plaintiff also objects to the Magistrate Judge's finding that punitive damages should not be awarded. Plaintiff states:

> In his pleading Plaintiff gave an accurate account of the events that led up to his lawsuit-complaint filing. Defendant Sheffield-Wilkes' constant denials to provide medical attention that[']s adequate and up to standard was indeed the result of evil motive and[/]or intent, and involved reckless or callous indifference to his federal rights.

(ECF No. 160 at 4.) After review, the Court finds Plaintiff's conclusory assertion as to the alleged motive or intent of Defendant Sheffield-Wilkes insufficient to warrant the imposition of punitive damages in this case. As the Magistrate Judge explained, punitive damages in an action filed pursuant to § 1983 may be assessed "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). However, because the Court agrees with the Magistrate Judge that no such showing as been made in this case–despite Plaintiffs' conclusory assertion otherwise–the Court also agrees with the Magistrate Judge that punitive damages should not be awarded.

In his Report, the Magistrate Judge next considered Defendant Basily's motion to dismiss, which the Magistrate Judge treated as a motion for summary judgment based on Basily's submission of additional materials. As the Magistrate Judge explained, when a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents, which are considered by the Court, the motion will be construed as a motion

---

how this additional information relates in any way to the damages Plaintiff alleges he suffered at the detention center between December 1 of 2016 and his filing of the complaint in June of 2016. Thus, the Court does not find that these additional records provide any reason to alter the Magistrate Judge's recommendation.

5

for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Pueschel v. United States*, 369 F.3d 345, 353 n. 3 (4th Cir.2004). As the Magistrate Judge also explained, to grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact," and the Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Magistrate Judge outlined Basily's allegations and ultimately found that Plaintiff's conclusory allegations of deliberate indifference against Basily were insufficient to survive summary judgment. The Magistrate Judge explained: "Defendant Basily has refuted the plaintiff's allegations with his statement regarding the specific treatment he provided to the plaintiff, which is supported by his review of the plaintiff's medical records (doc. 111)." (ECF No. 158 at 16-17.) The Magistrate Judge determined that Plaintiff's conclusory statement that Basily did not treat him was insufficient to create a genuine issue of material fact.

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant Basily's motion. Plaintiff reiterates his claim that Basily worked at the detention center during the time period Plaintiff alleges he received deliberate indifference to his serious medical needs. The Court finds this initial objection without merit, however, as the Magistrate Judge did not accept Basily's argument that he could not have violated Plaintiff's rights because he was not working at the detention center during the time period alleged. Rather, the Magistrate Judge assumed for purposes of Basily's motion that Plaintiff arrived at the detention center in December of 2015 when Basily was still working at the detention center.

Plaintiff next objects that "Defendant Basily saw Plaintiff's bleeding penis and his condition yet did nothing to assist him medically." (ECF No. 160 at 6.) Here again, however, the Court agrees with the Magistrate Judge that this conclusory allegation, which is again offered without support of any kind, is simply insufficient to create a genuine issue of material fact in the face of Basily's statement outlining the treatment provided to Plaintiff, which is supported by his review of the medical records. *See, e.g.*, *Green v. DeWitt*, 2010 WL 5387567 (D.S.C. Dec. 22, 2010) (granting summary judgment where plaintiff made only conclusory allegations without any support as to defendants' alleged deliberate indifference to his medical care). Accordingly, the Court overrules Plaintiff's objections.

## **CONCLUSION**

For the foregoing reasons, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 158); the Court grants in part Plaintiff's motion for default judgment (ECF No. 116) and orders that judgment be entered against Defendant Sheffield-Wilkes in the amount of $500.00; and the Court grants Defendant Basily's motion to dismiss (ECF No. 111), which is treated as a motion for summary judgment.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks

February 25, 2019
Charleston, South Carolina

7